PEOPLE ex rel. SMITH v. SCANNELL, Fire Com'r.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

MUNICIPAL CORPORATIONS—OFFICERS—FIRE DEPARTMENT—COMPENSATION.

     A member of the Brooklyn fire department, whose salary was increased by the fire commissioner just before the consolidation, is not entitled to such increased salary under Greater New York Charter, § 740, providing that the pay or compensation of the officers of the fire department should be the same as they received from the respective municipalities before the consolidation, since the power to fix the salaries of the officers of the Brooklyn fire department belonged to the board of estimate, and not the fire commissioner.

Appeal from special term, Kings county.

Petition by the people, on the relation of Joseph E. Smith, against John J. Scannell, fire commissioner, for a writ of mandamus. From an order denying the writ, the relator appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Francis A. McCloskey, for appellant.

William J. Carr (Luke D. Stapleton, on the brief), for respondent.

WILLARD BARTLETT, J. The earlier disposition of this appeal has been prevented by the reargument which was ordered in the cases of Flynn v. City of New York (Sup.) 75 N. Y. Supp. 15, and Cassin v. Same, Id.

The relator is a surgeon in the uniformed force of the fire department of the city of New York, by virtue of a transfer thereto from his former status of a surgeon in the uniformed force of the fire department of the city of Brooklyn. As a member of the uniformed force

of the Brooklyn department he had been drawing a salary of $2,000 per year, but on the 20th day of December, 1897, just before the transfer to the New York department, the fire commissioner of the city of Brooklyn advanced his salary to $2,500 per year, the increase to take effect on the 15th day of December, 1897. On the 1st day of January, 1898, by operation of law, the relator was transferred to the fire department of the city of New York, and his salary was fixed by the fire commissioner of the city of New York at $2,000 per annum. It is contended in behalf of the appellant that this reduction was unlawful, and that he was entitled, under section 740 of the Greater New York charter, to have his compensation fixed at $2,500, the amount which he was receiving from the city of Brooklyn when the fire departments were consolidated into one organization. Section 740 provides, among other things, that the pay or compensation of any officers, who, when the charter took effect, belonged to the uniformed force of either of the fire departments thereby consolidated into one department, should be and remain fixed at the amount which they and each of them were severally receiving or entitled to receive from the respective municipal corporations in whose employ they were prior to the taking effect of the act, "provided, however, that the salaries of all such officers in either of said fire departments other than the New York department, so consolidated into one department, shall be made equal to the salaries of corresponding officers in said New York department, within three years from January first, 1898, by equal annual additions; and provided further that if the difference in the pay received by such officers and the pay received by corresponding officers of the New York fire department as heretofore existing, is not more than fifty dollars, when this act takes effect, the pay shall be equalized at once." While this clause was evidently enacted on the assumption that the pay or compensation in Brooklyn would in each instance be lower than that in the former city of New York, if there was any difference, I am strongly inclined to think that it was the intent of the legislature to equalize by reduction in cases where there might be a difference in favor of officers in the Brooklyn uniformed force. Equality was the end in view; so that the persons exercising the same functions should, after consolidation, all receive compensation at the rates prescribed for the fire department in the former city of New York. But, whether this view be correct or not, our conclusion here must be controlled by that which we reached in the Flynn and Cassin Cases, to the effect that the power to fix the salaries of the uniformed members of the Brooklyn fire department belonged to the board of estimate, and not to the fire commissioner. Hence, the action of the Brooklyn fire commissioner in increasing the relator's salary by the sum of $500, just before the consolidation of the two fire departments, was ineffectual, and the fire commissioner of the consolidated city of New York was justified in disregarding it.

The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.